[Civil No. 933.   Filed March 30, 1906.]

[85 Pac. 405.]

R. N. LEATHERWOOD et al., Plaintiffs, v. WESLEY A. HILL, Auditor of the Territory of Arizona, Defendant.

1. STATUTES—REPEAL—RE-ENACTMENT—LAWS ARIZ. 1897, ACT NO. 53, AND LAWS ARIZ. 1905, ACT NO. 69, SUBD. 34, CONSTRUED.—Act No. 53, *supra*, "An act in relation to the Arizona Pioneers Historical Society," was repealed by the legislature in 1901. Act No. 69, subd. 34, *supra*, providing that a certain sum be appropriated to be expended by the board of directors of the Arizona Pioneers Historical Society to enable it to carry on its work and duties in the manner provided for and set forth in act No. 53, *supra*, did not operate to

re-enact act No. 53, *supra,* as the fact that the legislature, in the belief that a corporation exists, makes an appropriation for it and provides how the appropriation shall be disbursed, cannot serve to revive the corporation if in fact it has ceased to exist.

2. CONSTITUTIONAL LAW—SPECIAL LAW—ACT OF CONGRESS, JULY 30, 1886, 1 SUPP. REV. STATS. 1874-1891, P. 503, C. 818, "HARRISON ACT," AND LAWS ARIZ. 1897, ACT NO. 53, CONSTRUED.—If act No 53, *supra,* being "An act in relation to the Arizona Pioneers Historical Society," making said society the trustee of the territory for the expenditure of money received from the territory for the uses and purposes provided by law, and conferring additional powers and privileges upon said society, is to be construed as an act re-incorporating the society, it is a special law in a case where the general incorporation laws were applicable, and an act granting to a corporation a special franchise, so that in so far as it attempted to confer additional powers and duties on the society, it was in contravention of the provisions of the "Harrison Act," *supra,* providing that the legislatures of territories shall not pass local or special laws "granting to any corporation . . . any special or exclusive privilege, immunity or franchise," and that in all other cases where a general law can be made applicable, no special law shall be enacted.

3. STATUTES—LAWS ARIZ. 1897, ACT NO. 53, CONSTRUED.—Act No. 53, *supra,* being "An act in relation to the Arizona Pioneers Historical Society," does not purport to reincorporate the society, but purports to change the name of a society incorporated in 1884 under the general laws of the territory of Arizona as the Society of Arizona Pioneers, and to add to its powers and duties.

4. MANDAMUS—PLEADING—SUFFICIENCY OF APPLICATION—INTENDMENT. —In an application for a writ of *mandamus,* every intendment is against the petitioner.

5. SAME—SAME—TRUST—QUALIFICATION TO ADMINISTER—MUST APPEAR IN APPLICATION.—Where a corporation prays for a writ of *mandamus* to compel the territorial auditor to issue his warrant for the payment of funds appropriated to be dispensed by it as trustee by virtue of an act invalid in so far as it attempts to confer certain powers, and the petition fails to set forth the powers of the corporation under its charter, the question of the right of the corporation under its charter to receive the funds cannot be determined, and a demurrer to the petition must be sustained.

PETITION for Writ of Mandamus.   Demurrer to application sustained.

Petition amended and writ issued.   10 Ariz. 243.

The facts are stated in the opinion.

X Ariz.—2

Kingan & Wright, for Plaintiffs.

Plaintiffs contend that the Appropriation Laws of 1901, 1903, and 1905, and especially the latter Appropriation Act, constituted a re-enactment of act No. 53, Laws of 1897 (on the theory that said last act was in effect a reincorporation of the original act of incorporation), repealed when the Revised Statutes were enacted. The case of *People* v. *Miner,* 46 Ill. 367, is decisive of this case. Citing, among other cases, in support: Sutherland on Statutory Construction, par. 257, p. 337; *Nunes* v. *Wellisch,* 75 Ky. (12 Bush) 367; *Commonwealth* v. *Kendall,* 144 Mass. 357, 11 N. E. 425; *Kirkpatrick* v. *Commonwealth,* 95 Ky. 326, 25 S. W. 113. The criterion in deciding this question is the intention of the legislature. "The intention of the legislature is the pole-star in construing a statute." *Smith* v. *Randall,* 6 Cal. 47, 65 Am. Dec. 475; *Simonds* v. *Powers' Estate,* 28 Vt. 354. "In the construction of statutes, the prime object is to ascertain and seek out the intention of the legislature." *Evansville* v. *Summers,* 108 Ind. 189, 9 N. E. 81; *Ogden* v. *Strong,* Fed. Cas. No. 10,640, 2 Paine, 584. "The will of the legislature expressed in a statute is the law and is to be ascertained by all legitimate methods of interpretation." *Jones* v. *State,* 1 Kan. 273. The intention of the Arizona legislature, in passing the act of 1905, is manifestly plain. The facts in this case are precisely similar to the case of *Daggett* v. *Colgan,* 92 Cal. 53, 27 Am. St. Rep. 95, 28 Pac. 51, 14 L. R. A. 474, and the principle of that case and the test announced by Judge Cooley in *People* v. *Salem,* 20 Mich. 452, 4 Am. Rep. 400. "Necessity alone is not the test . . . but a wise statesmanship must look beyond the expenditures which are absolutely needful . . . and embrace others which may tend to make that government subserve the general well being of society, and advance the present and prospective happiness and prosperity of the people," should be made and govern.

E. S. Clark, Attorney-General, for Defendants.

NAVE, J.—This is an original proceeding before this court. The Arizona Pioneers Historical Society and its board of directors seek a writ of *mandamus* to compel the auditor of

the territory to issue his warrant to the plaintiffs for the purpose of paying to them an appropriation made by the last legislative assembly. The petitioners aver, in substance:—

1. That the Arizona Pioneers Historical Society is a corporation duly organized and existing under the laws of this territory; that the other petitioners are the board of directors thereof; that the defendant is the territorial auditor.

2. That on March 18, 1897, was enacted act 53 of the nineteenth legislative assembly of this territory, which act (Acts 1897, p. 93, No. 53), in the language of the application, "is entitled 'An act in relation to the Arizona Pioneers Historical Society,' and which act had direct reference to the plaintiff herein and in words and figures is as follows," whereupon the act is set out in full. This act provides as follows:—

"Section 1. That the Society of Arizona Pioneers, organized February 9, 1884, under the incorporation laws of the territory, shall continue to be recognized as worthy of the fostering care of the territory, and from and after the passage of this act shall be known and designated as the 'Arizona Pioneers Historical Society.' Said society shall be the trustee of the territory, and as such shall faithfully expend and apply all money received from the territory to the uses and purposes directed by law, and shall hold all its present and future collections and property for the territory, and shall not sell, mortgage, transfer or dispose of in any manner, any part of the same, without authority of law; provided, that this shall not prevent the sale or exchange of any duplicates that the society may have or obtain. There shall continue to be a board of directors of said society, to consist of as many members as the society shall determine, and who shall have the same powers as the present board of directors.

"Sec. 2. It shall be the duty of the society to collect books, maps and other papers and materials illustrative of the history of Arizona in particular and of the West generally; to procure from the early pioneers narratives of events relative to the early settlement of Arizona and to the early explorations, Indian occupancy and overland travel in the territory and the West; to procure facts and statements relative to the history and conduct of our Indian tribes, and to gather all information calculated to exhibit faithfully the antiquities and the past and present condition, resources and progress of

the territory, to purchase books, to supply deficiencies in the various departments of its collections, and to procure by gift and exchange such scientific and historical reports of the legislatures of other states and territories, of railroads, reports of geological and other scientific surveys, and such other books, maps, charts and materials as will facilitate the investigation of historical, scientific, social, educational and literary subjects, to cause the same to be properly bound; to catalogue the collections of said society for the more convenient reference of all persons who may have occasion to consult the same; to biennially prepare for publication a report of its collections and such other matters relating to its transactions as may be useful to the public, and to keep its collections arranged in suitable and convenient rooms to be provided and furnished by the secretary of the society, as the board of directors shall determine; the rooms of the society to be open at all reasonable hours on business days for the reception of the citizens of the territory who may wish to visit the same without fee. Provided, that no expenditures shall be made under this act, or expense incurred except in pursuance of specific appropriations therefor, and no officer of said society shall pledge the credit of the territory in excess of such appropriations.

"Sec. 3.  The board of directors shall keep a correct account of the expenditures of all money which may be appropriated in aid of the society, and report biennially to the governor a detailed statement of such expenditures.  To enable the society to augment its collections by effecting exchanges with other societies and institutions, sixty bound copies each of the several publications of the territory and of its societies and institutions, except the reports of the supreme court shall be and are hereby donated to said society as they shall be issued, the same to be delivered to the society by the secretary of the territory, or other officer having custody of the same; to include also for deposit in its collections one set of all the publications of the territory heretofore and hereafter issued, not excepting the supreme court reports.  All bound and unbound volumes of newspapers now on file in the territorial library shall become the property of the Arizona Pioneers Historical Society upon the passage of this act, and shall be delivered upon the demand therefor, by and to the said society, by the secretary of the territory."

Sections 4 and 5 thereof appropriated three thousand dollars to be disbursed by the board of directors of the society.

3. That the corporation and its officers and directors performed the duties imposed upon it by this act, and received the appropriation provided in it.

4. That in the year 1901 the act above described was repealed by the twenty-first legislative assembly.

5. That the twenty-first legislative assembly, in 1901, and the twenty-second, in 1903, and the twenty-third, in 1905, each made appropriations in substantially similar forms for this society; that the appropriation by the twenty-third legislative assembly reads as follows (Acts 1905, p. 151, No. 69, subd. 34) : "That the sum of fifteen hundred dollars be and is hereby appropriated to be disbursed by the board of directors of the Arizona Pioneers Historical Society to enable it to carry on its work and duties for the years 1905 and 1906 in the manner provided for and set forth in sections 1, 2, 3, and 4 of act No. 53 of the nineteenth legislative assembly incorporating said society and making it the trustee for the territory."

6. That the petitioners have demanded the allowance of this appropriation by the territorial auditor, and that he refuses to allow it.

7. That the petitioners have at all times and in detail complied with all the requirements of law placed upon it by the various acts of the legislative assemblies referred to.

To the application the territorial auditor has interposed a general demurrer.

Petitioners contend that the several acts of appropriation have had the effect of a re-enactment of act No. 53 of the nineteenth legislative assembly. They seek to apply to this case the general principle laid down by Mr. Sutherland in his work on Statutory Construction, par. 257, as follows :—"Where a statute is incorporated in another the effect is the same as if the provisions of the former were re-enacted in the latter for all purposes of the latter statute." Neither this statement nor any statement of the law to be deduced from the cases cited to us by the petitioners, is broad enough to support the proposition that where a statute specially incorporating a society has been repealed, it is re-enacted by an act making an appropriation for the benefit of such society. Assuming that such an appropriation as this may lawfully be made, and that

the recipient pointed out by the act exists, it might force-
fully be urged that the provision that the society disburse
the money "to enable it to carry on its work and duties in the
manner provided for and set forth in act No. 53 of the
nineteenth legislative assembly" serves to re-enact that act to
the extent of fixing the manner of disbursement and defining
the purpose of the appropriation; but certainly it can operate
no further. The fact that the legislature, in the belief that a
corporation exists, makes an appropriation for it and provides
how the appropriation shall be disbursed, cannot serve to re-
vive the corporation if in fact it has ceased to exist. Fur-
thermore, the Act of Congress of July 30, 1886 (1 Supp. Rev.
Stats. U. S. 1874-1891, p. 503, c. 818), familiarly known as
the "Harrison Act," provides as follows: "That the legisla-
tures of the territories of the United States . . . shall not
pass local or special laws in any of the following enumerated
cases, that is, to say: . . . Granting to any corporation, as-
sociation or individual any special or exclusive privilege,
immunity or franchise whatever. In all other cases where
a general law can be made applicable, no special law shall be
enacted in any of the territories of the United States by the
territorial legislatures thereof." If act 53 of the nineteenth
legislative assembly is to be construed as an act reincor-
porating this society, it was a special law in a case where the
general incorporation laws are applicable; and moreover was
an act granting to a corporation a special franchise. Mani-
festly, it was obnoxious to the Harrison Act, in so far as it
attempted to confer additional powers and duties on the
society; therefore, the act was, at least in part, void.

Petitioners and respondent, in presenting their views, have
proceeded upon the theory that the society was reincorporated
by act 53 of the nineteenth legislative assembly and survives
or falls with that act. The several subsequent appropriation
acts set forth in the application refer to this act as an act "in-
corporating such society and making it the trustee of the
territory." It is to be observed, however, that act 53 does not
purport to reincorporate this society, but purports to change
the name of the society incorporated in 1884 under the general
laws of the territory of Arizona as the Society of Arizona
Pioneers, and to add to its powers and duties. It may well
merit determination whether the Society of Arizona Pioneers

may not lawfully receive the appropriation made by the twenty-third legislative assembly, and withheld by the territorial auditor; but we are precluded from directing our inquiry to this point, by reason of the failure of the petitioners to set forth facts sufficient for its determination. No showing whatever is made of the powers conferred upon the society by its articles of incorporation. As pointed out, act 53, *supra,* in so far as it attempts to confer additional powers upon that society, is invalid. Therefore, the only powers possessed by it are those conferred by its articles. If it does not possess under them such general powers as would enable it to accept and perform the trust imposed, in accordance with its terms, its acts in attempting to do so would be *ultra vires.* It seems to us, for example, quite manifest that a corporation organized solely to conduct a manufacturing business cannot be made the instrument of the legislature to disburse public funds. Inasmuch as every intendment must be against the petitioners in this case, we cannot assume that the society is qualified to administer the trust sought to be imposed. In view of this defect in the complaint, it is unnecessary to determine whether, in any event, a private corporation can be made the agent of the public in the disbursement and administration of an appropriation from the public funds.

The demurrer to the application is sustained.

KENT, C. J., SLOAN, J., DOAN, J., and CAMPBELL, J., concur.